WILLIAM LAUHAM, plaintiff in error, vs. JAMES VAUGHAN, defendant in error.

The Sheriff levies a *fi. fa.* in time to make the money by the last sale day before the Court to which it is returnable. He turns the process over to his successor, and goes out of office. An affidavit of illegality is interposed, which arrests the execution.

*Held,* That the Sheriff is not liable to be ruled for the money.

Rule against Deputy Sheriff, in Cass Superior Court. Decided by Judge TRIPPE, March Term, 1858.

William Lauham obtained judgment against E. W. Attaway, Thomas J. Dodd, and A. G. Caldwell. *Fi fa.* was issued and placed in the hands of James Vaughan, Deputy Sheriff of Cass county.

At the March Term of said Court, Lauham moved a *rule nisi* against Vaughan, calling on him to show cause why he should not pay over the money on said *fi. fa.* The Deputy Sheriff filed his answer, in substance, as follows.

" That he levied the *fi. fa.* on property of the defendants sufficient to satisfy the same, on the 19th day of January, 1858. That his term of office expired before the day of sale, and that he turned over the *fi. fa.* with the levy thereon to his successor in office, the present Sheriff."

It appeared that Dodd, whose property was levied on, filed an affidavit of illegality, on the ground that the Sheriff, Vaughan, had neglected to levy the *fi. fa.* on property of the principal in *fi. fa.,* who afterwards removed from the county.

The Court dismissed the rule, and counsel for plaintiff excepted.

MILNER & PARROTT, for plaintiff in error.

WOFFORD & CRAWFORD, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

This case is encumbered with matter, which has nothing to do with it. Lauham got a judgment against Attaway as maker, and Dodd & Caldwell as endorsers. The execution was issued and placed in the hands of James Vaughan, the Deputy Sheriff, to make the money. Dodd, one of the defendants, pointed out property of Attaway to be levied on. Vaughan, on account of other business in his hands, did not make the levy. On the 19th of January, 1858, he levied the *fi. fa.* on the property of Dodd, in time to raise the money by the next Term of the Court to which the *fi. fa.* was returnable, and turned over the execution to his successor in office. Dodd filed an affidavit of illegality upon the ground that Attaway, the principal, was primarily liable, and thus arrested the sale. Is Vaughan subject to be ruled?

The Court below thought not, and so we think. He did levy in time to make the money. Had he levied sooner, the same obstructions would have been interposed. The plaintiff was not bound to pursue any one of the defendants. Neither was the Sheriff. It is not disputed but that Dodd is good. There is no merit, it is true, in the illegality. Vaughan is not punishable for that. Had the levy been delayed too late for the last sale day before Court, this frivolous defense would not have protected the officer. Plaintiffs must be protected from collusive combinations between Sheriffs and defendants. But this is not that case. If any one is liable, it is the incoming, not the outgoing officer. But we apprehend he is not. He was compelled to receive the affidavit, or at any rate to judge of its validity, at his peril. We express no opinion upon this point.

Judgment affirmed..